ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KENNETH GOODMAN,                                    Case No.: 21-cv-1930

        Plaintiff,                COMPLAINT AND
                                                    JURY DEMAND
  -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL LANDI, POLICE OFFICER JEFFREY
DUMBAULD and POLICE OFFICER JIOVANNI
FIERRO,

        Defendants.
-----------------------------------------------------------------------X

  Plaintiff, KENNETH GOODMAN, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION:

1. This is an action for the wrongful acts of defendants, THE CITY OF NEW YORK, POLICE OFFICER MICHAEL LANDI, POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

2. Plaintiff, KENNETH GOODMAN, alleges that on or about April 9, 2018, defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, using excessive force against the Plaintiff, causing

irreversible and irreparable physical injury to his face, body and other soft tissue, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff, KENNETH GOODMAN, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the

New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, Defendant POLICE OFFICER MICHAEL LANDI was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER MICHAEL LANDI was assigned to 88th precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. At all times relevant hereto, Defendant POLICE OFFICER JEFFREY DUMBAULD was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER JEFFREY DUMBAULD was assigned to the 88th precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

11. At all times relevant hereto, Defendant POLICE OFFICER JIOVANNI FIERRO was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER JIOVANNI FIERRO was assigned to the 88th precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

12. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority

as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

13. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER MICHAEL LANDI, POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO.

14. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

15. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

16. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees hired to provide medical treatment and care for those in custody.

17. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## FACTUAL BACKGROUND

18. On or about April 5, 2018, the Honorable William M. Harrington, signed a search warrant authorizing the search of 80 Clifton Place, Apartment 5H, in Kings County, after Defendant POLICE OFFICER MICHAEL LANDI made an application to the Supreme Court of the State of New York, County of Kings.

19. The affidavit alleged that a confidential informant advised Defendant POLICE OFFICER MICHAEL LANDI that there were firearms and ammunition at the premises.

20. Based on the affidavit of Defendant POLICE OFFICER MICHAEL LANDI, the Honorable William M. Harrington, found probable cause to issue said warrant and further authorized a search of the targeted premises and the person of plaintiff, if present therein.

21. On April 9, 2018, Defendant POLICE OFFICER MICHAEL LANDI entered the targeted premises pursuant to the warrant.

22. Upon information and belief, no firearms were recovered from the premises and no illegal contraband.

23. Nevertheless, Defendant POLICE OFFICER MICHAEL LANDI placed handcuffs on the plaintiff, removed him from his home, and relocated plaintiff to the 88th precinct.

24. At the 88th Precinct, the Plaintiff was directed to sit on a bench.

25. At the 88th Precinct, Defendants POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO instructed the Plaintiff to remove his pants.

26. The Plaintiff questioned why he should take off his pants and asked if he was under arrest and requested to be told the charges that were being issued against him.

27. Defendants POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO took plaintiff head and slammed it into the Plaintiff's knee, causing front tooth to fall out of his mouth.

28. Defendants POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO held the Plaintiff in a position of his head touching his knee for an extended period of time, causing him to be unable to breathe and substantial pain to his back.

29. That Plaintiff was relocated to Brooklyn Hospital where he was treated for his injuries.

30. Plaintiff was then relocated to Central Booking in Brooklyn, New York.

31. While Plaintiff was in the Defendants' custody, Defendant POLICE OFFICER MICHAEL LANDI wrote up paperwork stating that he recovered one (1) air pistol from the floor underneath the Plaintiff's dresser, one (1) live round of .380 ammunition in a drawer of the above-mentioned dresser, one (1) glass pipe containing crack residue from on top of the

Plaintiff's dresser, and (1) vial containing a quantity of crack cocaine residue from a drawer inside the Plaintiff's bedroom.

32. These allegations were false and Defendant POLICE OFFICER MICHAEL LANDI knew the statements to be false at the time that they were made.

33. Defendant POLICE OFFICER MICHAEL LANDI forwarded these false allegations to the Kings County District Attorney's office ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the Plaintiff's criminal prosecution.

34. Defendant POLICE OFFICER MICHAEL LANDI knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the Plaintiff, were relying on the truthfulness of his claims and statements, and assumed that all of these factual statements and claims were truthful in all respects.

35. While at central booking, the Plaintiff continued to suffer pain from the attack of POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO that he was once again relocated to Brooklyn Hospital.

36. On April 10, 2018, Plaintiff was arraigned and charged with violating three counts of Penal Law § 170.25 Criminal Possession of a Forged Instrument in the Second Degree, Penal Law § 165.40 Criminal Possession of Stolen Property in the Fifth Degree, three counts of Penal Law § 170.20 Criminal Possession of Forged Instrument in the Third Degree, Penal Law § 220.03 Criminal Possession of a Controlled Substance in the Seventh Degree, three counts of

Administrative Code 10-131(B)(1) Selling or Possession of Air Pistols and Air Rifles, and Administrative Code 10-131(I)(3) Possession of Pistol Ammunition.

37. On April 13, 2018, the case was called in AP1F in the Supreme Court of the State of New York, County of Kings, and the People dismissed all three counts of the felony charge of Penal Law § 170.25 Criminal Possession of a Forged Instrument in the Second Degree as well as the Penal Law § 165.40 Criminal Possession of Stolen Property in the Fifth Degree.

38. On April 10, 2019, the remaining misdemeanor criminal case was adjourned in contemplation of dismissal and eventually dismissed.

39. As a direct and proximate result of the action of the Defendants THE CITY OF NEW YORK, POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO, Plaintiff was physically assaulted resulting in irreparable physical injury to his teeth, face, body, and suffered severe emotional distress.

40. As a direct and proximate result of the actions of THE CITY OF NEW YORK, and POLICE OFFICER MICHAEL LANDI, Plaintiff was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately two days.

41. Defendant POLICE OFFICERS MICHAEL LANDI acted with malice in arresting Plaintiff on false charges and causing the Plaintiff to be prosecuted on charges the Defendant knew was false.

42. Defendant POLICE OFFICER MICHAEL LANDI, POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO brought charges against Plaintiff and purposely misused their Police powers and the courts to arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges in an effort to immunize their unlawful, unconstitutional arrest of Plaintiff and their use of excessive force and gratuitous acts of violence against Plaintiff.

43. To date, as a direct and proximate result of defendants actions, Plaintiff has suffered loss of his liberty, physical assault and batter, and continues to suffer physical and emotional pain, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

44. As a direct and proximate result of defendant's actions, Plaintiff was arrested and detained for a time amounting to a period lasting approximately two days for criminal charges without just cause.

45. As a direct and proximate cause of defendant's actions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

46. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers,

including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

47. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

48. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE
### (POLICE OFFICERS DUMBAULD and FIERRO)

49. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-48 of this complaint, as though fully set forth therein.

50. On April 9, 2018, in the vicinity of 80 Clifton Place, Brooklyn, New York, POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO without just cause or provocation and in violation of proper and appropriate police conduct, and

with maliciousness and violence, used excessive force in affecting the arrest of Plaintiff such that Plaintiff was injured.

51.   That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of Plaintiff, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

52.   By reason of the aforesaid, Plaintiff suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

53.   The acts and conduct of Defendants POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

### SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT (POLICE OFFICER MICHAEL LANDI)

54.   Plaintiff repeats and realleges the allegations contained in paragraphs 1-733 of this complaint as though fully set forth therein.

55.   The actions of defendant POLICE OFFICER MICHAEL LANDI, and acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the

laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

56.     By these actions, the individual defendant has deprived plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

57.     As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

58.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-57 of this complaint and though fully set forth therein.

59.     At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

60. These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the Plaintiff under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

61. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause injury and violate his constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

62. Upon information and belief, defendant THE CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and

managing such stress, inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

63. This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity. These decisions include but are not limited to: Riddick v. City of New York, 4 A.D.3d 242 (1st Dept. 2004); Bonefant v. Kelly, 306 A.D.2d 108 (1st Dept. 2003); Wagner v. Kerik, 298 A.D.2d 322 (1st Dept. 2002); Seligson v. Kerik, 295 A.D.2d 262 (1st Dept. 2002); Foy v. Safir, 277 A.D.2d 169 (1st Dept. 2000); Titone v. Safir, 277 A.D.2d 161 (1st Dept. 2000); Castro v. Safir, 277 A.D.2d 123 (1st Dept. 2000); Mieles v. Shafir, 272 A.D. 199 (1st Dept. 2000); Sannuti v. Safir, 261 A.D.2d 153 (1st Dept. 1999); Brovakos v. Bratton, 254 A.D.2d 32 (1st Dept. 1998); Ranalli v. Safir, 250 A.D.2d 507 (1st Dept.

1998); Vasquez v. Safir, 250 A.D.2d 448 (1st Dept. 1998); People v. Kenrick, 162 Misc.2d 75 (Crim.Ct., N.Y.Co 1994); Hickey v. Ward, 161 A.D.2d 495 (1st Dept. 1990); People v. Bermudex, 2009 WL 382327 (Sup.Ct., N.Y.Co.2009);

64. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant THE CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

65. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-65 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

66. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-65 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the

excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

67. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

68. As a result of the foregoing, Plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

### FOURTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

69. Plaintiff repeats and realleges the allegations contained in paragraphs 1-68 of this complaint and though fully set forth therein.

70. Defendants, POLICE OFFICER MICHAEL LANDI, POLICE OFFICER JEFFREY DUMBAULD and POLICE OFFICER JIOVANNI FIERRO, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying him free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from excessive force.

71. The aforementioned defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or

to produce false evidence in violation of Plaintiff constitutional rights including the right to due process, to have Plaintiff wrongfully prosecuted for a crime that he did not commit.

PLAINTIFF DEMANDS TRIAL BY JURY

PRAYER FOR RELIEF:

WHEREFORE, Plaintiff KENNETH GOODMAN requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

Dated: Brooklyn, New York
April 9, 2021

_____
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100